IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                           **Case No. 07-40086-01-RDR**

DAWN M. JONES,

        Defendant.

**O R D E R**

This order is issued to record the rulings of the court upon the sentencing issues raised during the hearing conducted on November 20, 2007. Defendant appeared for sentencing after pleading guilty to the use of an unauthorized access device in violation of 18 U.S.C. § 1029(a)(2). This was a crime of embezzlement with a loss of $152,257.79.

At the sentencing hearing, defendant testified that she became addicted to methamphetamine and that this led her to embezzle from her employer. When her crime was discovered, she fled the state. Eventually, she came back and entered a drug rehabilitation program. This was in July 2005. Since that time she has been tested regularly for drugs and has been clean. She is employed and has cooperated fully with the government in the investigation of this case. Defendant has no prior crimes or arrests. She asked the court to grant her probation.

The low end of the guideline range in this case is 18 months.

The court decided to make a downward variance to a term of 12 months and 1 day.  The court believes that this sentence is sufficient but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553.  We note the following factors have influenced the court in making the downward variance and that some of these factors, while relevant under § 3553, are not fully accounted for in the Sentencing Guidelines.  Defendant has been drug free and law abiding for more than two years since the crime in this case.  She is employed.  Not only does defendant have a criminal history category of I, she has no prior crimes and no prior arrests.

　　　After considering the nature and circumstances of the offense and the history and characteristics of defendant, the court has concluded that a sentence of 12 months and 1 day - together with a restitution order of $152,257.79 - is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  The court believes this sentence will afford adequate deterrence to criminal conduct and protect the public from further crimes of defendant. The court has considered the other factors listed in § 3553, including the need to avoid unwarranted sentence disparities and the application of the Guidelines.  We conclude that a sentence of 12 months and 1 day, with 3 years supervised release and a restitution order of $152,257.79, is a proper sentence in this

case.

**IT IS SO ORDERED.**

Dated this 26th day of November, 2007 at Topeka, Kansas.

                                                s/Richard D. Rogers
                                                United States District Judge